UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:26-cv-21941-GAYLES

JOSEPH ERNST,

      Petitioner,

v.

SECRETARY OF
HOMELAND SECURITY,

      Respondent.

_____/

### ORDER DISMISSING PETITION WITHOUT PREJUDICE

**THIS CAUSE** comes before the Court *sua sponte*. On March 26, 2026, the Court ordered *pro se* Petitioner Joseph Ernst to "file an Amended Petition for Writ of Habeas Corpus that is signed by Petitioner under penalty of perjury and complies with Rule 2 by providing adequate specific facts to support the requested grounds for relief." *See* [ECF No. 4 at 3]. The Court gave Petitioner until April 15, 2026 to file the Amended Petition. *Id*. That deadline has now passed, and Petitioner has not filed an Amended Petition as ordered.

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Under that authority, the court "may dismiss a claim if" a party "fails to prosecute it or comply with a court order." *See id.*; *McNair v. Johnson*, 143 F.4th 1301, 1306–08 (11th Cir. 2025) (affirming inherent-authority dismissal of *pro se* plaintiff's civil rights lawsuit based on failure to follow local rules); *cf.* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim

against it."). "Whether to dismiss a" petition "for failure to comply with an order of the court is a matter committed to the district court's discretion." *See Equity Lifestyle*, 556 F.3d at 1240 n.14. "A district court need not tolerate defiance of reasonable orders." *Id.* at 1241. This includes the failure to comply with a court's order to amend a habeas petition. *See, e.g.*, *Boutwell v. Nagle*, 861 F.2d 1530, 1531 (11th Cir. 1988) (noting that a petitioner's "initial petition was dismissed because" he "failed to comply with an order to amend his complaint to detail the facts" supporting his claim); *Sutton v. Inch*, No. 20-23156-CV, 2020 WL 6149601, at *3 (S.D. Fla. Oct. 20, 2020).

"While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). The Court warned Petitioner in its March 26 Order that "[f]ailure to file an adequate Amended Petition by" April 15, 2026 "will result in dismissal without prejudice." [ECF No. 4 at 3]. That Order was reasonable, and Petitioner failed to timely comply with it. Accordingly, it is **ORDERED AND ADJUDGED**:

1.  This case is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41 for failure to prosecute and failure to comply with the Court's March 26 Order. *See Equity Lifestyle*, 556 F.3d at 1241.

2.  The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of April, 2026.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:

**Joseph Ernst**
220 607 386
Krome Service Processing Center

Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194
*PRO SE*

**Noticing 2241/Bivens US Attorney**
Email: usafls-2255@usdoj.gov

**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov